IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANIEL LEVI LLOYD BLEVINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-5-JD |
| | ) | |
| MATT BOLEY, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Jamie James filed a Petition for Writ of Habeas Corpus on behalf of Petitioner, Daniel Levi Lloyd Blevins. (Doc. 1). United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). Based on Petitioner's failure to comply with the Court's order to cure various deficiencies, the undersigned recommends that the petition be **dismissed** without prejudice to the re-filing.

I.   Discussion

The Petition in this action was filed on January 3, 2025. (Doc. 1). The Petition – which did not use the proper form – was signed by "Jamie James, Next Friend for Daniel Levi Lloyd Blevins[,] ADA Advocate, Civil Rights Defender." (*Id.* at 1, 7). The Petition was not signed under penalty of perjury as required by Rule 2(c)(5) of the Rules Governing § 2254 Cases. Additionally, Petitioner did not pay the $5 filing fee or file an *in forma pauperis* motion (motion to proceed without pre-payment of fees or costs).

On January 13, 2025, the Court ordered Petitioner to pay a filing fee or file a motion to proceed *in forma pauperis* and to file the petition on the proper form. (Doc. 4). Ms. James filed a Motion for Appointment as Next Friend on January 16, 2025. (Doc. 5). On March 11, 2025, the Court denied the motion because Ms. James did not provide evidentiary support for her contention that Petitioner is unable to sign and verify the petition. (Doc. 6, at 5). The Court also ordered Petitioner to do the following on or before April 1, 2025:

1. Refile the petition on the appropriate form;

2. Sign the petition under penalty of perjury – either by Petitioner personally or by a "next friend" who establishes he or she meets the prerequisites to do so; and

3. Either pay the $5.00 filing fee or submit an *in forma pauperis* motion.

(*Id.* at 6). The Court warned Petitioner that "[f]ailure to comply with this Order may result in the dismissal of this action." (*Id.*) To date, Petitioner has not cured any of the identified deficiencies.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute") (internal quotation marks omitted); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal

procedural rules.") (internal quotation marks omitted). And, if dismissal is without prejudice, the court may dismiss "without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

Petitioner's failure to comply with the Court's order leaves the Court unable "to achieve [an] orderly and expeditious disposition" of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the "inherent power" of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the court has provided Petitioner (and Ms. James) sufficient notice of the possibility of dismissal for failure to cure deficiencies. Accordingly, the undersigned recommends that the Court dismiss Petitioner's habeas petition for failure to comply with the Court's order.

## II.     Recommendation and Notice of Right to Object.

For the reasons set forth above, the undersigned recommends that the Court **DISMISS** this case without prejudice to the re-filing.

**The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before April 29, 2025**, under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this matter and terminates the referral.[1]

**ENTERED** this 8th day of April, 2025.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Clerk of Court is directed to send this Report and Recommendation to both Petitioner (at the Mack Alford Correctional Center) and Ms. James.