IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL LEVI LLOYD BLEVINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-00005-JD |
| ) | |
| MATT BOLEY, Sheriff, ) | |
| ) | |
| Respondent. | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 7] of United States Magistrate Judge Amanda Maxfield Green, recommending that this action be dismissed without prejudice for Petitioner's failure to comply with the Court's orders to cure various deficiencies. *See also* [Doc. Nos. 4, 6].

Judge Green advised Petitioner of his right to object to the Report and Recommendation by April 29, 2025. Judge Green warned Petitioner that his failure to object timely waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. *See* R. & R. at 3.

Petitioner did not file an objection to the Report and Recommendation, and the record reflects that Petitioner still has not cured the deficiencies identified in the Court's prior orders. *See* [Doc. Nos. 4, 6]. Therefore, Petitioner has waived any objection to the Report and Recommendation recommending dismissal, and the Court accepts the Report and Recommendation. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because

they did not file any objections); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Additionally, although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1), the Court has conducted such a review and concludes that dismissal without prejudice is appropriate for Petitioner's failure to prosecute and failure to comply with the Court's local rules and orders, including Judge Green's orders to cure deficiencies.[1] *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l*

---

[1] The Court notes that the Report and Recommendation sent to Petitioner's address of record was returned. *See* [Doc. No. 8]. However, Petitioner is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [Petitioner] is acting pro se does not eliminate this burden."). Petitioner also failed to comply with the local rule requiring him to update his address. *See* LCvR5.4.

*Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

For all these reasons, the Court ACCEPTS the Report and Recommendation [Doc. No. 7] and DISMISSES this action WITHOUT PREJUDICE. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 30th day of April 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE